# NO. 12-22-00150-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***KENDRICK RAYMOND FEARS, APPELLANT*** | *§* | ***APPEAL FROM THE 7TH*** |
| ***V.*** | *§* | ***JUDICIAL DISTRICT COURT*** |
| ***THE STATE OF TEXAS, APPELLEE*** | *§* | ***SMITH COUNTY, TEXAS*** |

*MEMORANDUM OPINION*
*PER CURIAM*

Kendrick Raymond Fears appeals his conviction for assault family violence by impeding breath or circulation. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with assault family violence by intentionally, knowingly, and recklessly causing bodily injury to a person who was a member of his family, household, or person with whom he had or had had a dating relationship by intentionally, knowingly, and recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the throat or neck of the person, a third degree felony.[1] Appellant pleaded "guilty" to the charged offense. Appellant and his counsel signed various documents in connection with his guilty plea, including an agreed punishment recommendation and a stipulation of evidence in which Appellant stipulated, and judicially confessed, that each and every allegation contained in the indictment was true and correct and constituted the evidence in

---

[1] TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(B) (West Supp. 2022).

the case. At the hearing, Appellant pleaded "guilty" to the charged offense. The trial court accepted Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for seven years.

Later, the State filed a first amended motion to adjudicate, alleging that Appellant violated the terms of his community supervision including by (1) failing to report and submit to a random urinalysis in January and July 2020, April, July, August, September, October, November, December 2021, and January and February 2022; (2) failing to satisfactorily perform community service restitution at the rate of three hours per month in June, July, August, September, October, November, and December 2021, and January and February 2022; (3) failing to pay $60.00 per month supervision fee to the Smith County Community Supervision and Corrections Department in Smith County, Texas, on or before the tenth day of each month for the months of July, August, September, October, November, and December 2021, and January and February 2022; (4) making contact with the victim of the original offense; and (5) failing to attend and successfully complete the Lifeskills Program on or before July 13, 2020, in Smith County, Texas.

At the hearing on the State's motion to adjudicate, the State abandoned paragraph two of the first amended motion to adjudicate. Appellant pleaded "true" to all the remaining allegations in the State's first amended motion. After the hearing, the trial court found all the remaining allegations in the State's first amended motion to be "true," granted the State's motion, revoked Appellant's community supervision, adjudged Appellant "guilty" of assault family violence by impeding breath or circulation, and assessed his punishment at eight years of imprisonment.[2] This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that she diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case.

---

[2] An individual adjudged guilty of a third degree felony shall be punished by imprisonment for any term of not more than ten years or less than two years, and a fine not to exceed $10,000.00. *Id*. § 12.34 (West 2019).

In compliance with **Anders**, **Gainous**, and **High v. State**, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3] We have reviewed the record for reversible error and have found none. *See* **Bledsoe v. State**, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by **Stafford v. State**, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also* **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; **In re Schulman**, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See* **In re Schulman**, 22 S.W.3d at 408 n. 22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; **In re Schulman**, 22 S.W.3d at 408 n.22.

Opinion delivered November 30, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] In compliance with **Kelly v. State**, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See* **Kelly v. State**, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 30, 2022**

**NO. 12-22-00150-CR**

**KENDRICK RAYMOND FEARS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1327-19)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*